STATE *vs.* GREEN BROWN.

Under the act of 1868–'69, chap. 209, sec. 4, the wife is a competent witness against her husband "as to the fact of abandonment, or neglect to provide adequate support." She is not, however, a competent witness to prove the fact of marriage.

This was an indictment tried before *Clarke, J.,* at Spring Term, 1872, of GREEN Superior Court.

The first count in the indictment charged the defendant with wilfully neglecting to provide an adequate support for his wife and children. The second count charged a wilful abandonment of his wife, &c., &c.

The only witness introduced by the State was Cherry Brown, who was asked if she was not the wife of the defendant. The question was objected to by the defendant, but admitted by the Court. There was a verdict of guilty. Judgment and appeal.

*Attorney General,* for the State.
*Smith & Strong,* for the defendant.

PEARSON, C. J. It is a general rule of evidence at the common law, that husband and wife are not competent witnesses for or against each other. This rule is based upon the ground of public policy in reference to the delicate relation, calling for the utmost confidence, between man and wife. An exception is made in the instance of an assault and battery by the hus-

band on the wife. This exception is allowed on the ground of the necessity of the case.

A further exception is now claimed by the force and effect of the statute. Acts 1868-'9, ch. 209, sec. 4. It is not for the Courts to call in question the wisdom of a statute which attempts to compel men to provide for their wives and children, by means of a fine that impoverishes, and imprisonment that puts it out of the power of the man to be of any service : it is our duty to ascertain the intention of the law makers, and to give effect to it in such a way as to interfere as little as possible with the rules and principles of the common law, on the assumption that it was the intention to depart from them only so far as it might be necessary to carry into effect the policy of the statute as indicated by its words and general meaning.

The statute under consideration makes another exception to the general rule of evidence, and the wife is made a competent witness, " *as to the fact of abandonment, or neglect to provide adequate support.*"

This departure from the general rule of evidence may have been suggested upon the idea of necessity, as such matters come peculiarly within the knowledge of the wife ; but in regard to the *fact of marriage* there can be no such necessity. Marriage is a relation which the law supposes will be entered into under circumstances of great solemnity, and usually with openness and much notoriety, and in all cases there must be a license duly obtained, and the ceremony must be performed by a Justice of the Peace, or a Minister of the gospel. So the idea of a necessity for making the wife a competent witness to prove the fact of the marriage is out of the question. The evils of allowing such an exception to the general rule of evidence can hardly be enumerated. Make any woman a competent witness to prove that she is my wife, and that the marriage ceremony between us had been duly performed ! But it is not necessary to enter further into this subject. The exception to the general rule of evidence is expressly confined to

the fact of abandonment or neglect to provide adequate support. This excludes any other exception. We should not have discussed it at all except for the purpose of letting it be known, that no departure from the rules of evidence, which have been accepted by the Courts, as sanctioned by the wisdom of ages, can be allowed unless it be so expressly enacted. If a gap is made at one place the Courts will not come to the conclusion that the intention was to take away the whole fence.

There is error.

PER CURIAM.                                   *Venire de novo.*