STATE v. WILL CHESTER.

(Filed 29 November, 1916.)

**Criminal Law—Abandonment—Evidence of Wife—Fact of Marriage—Statutes.**

The wife is competent to prove the fact of marriage under an indictment against her husband for abandonment, Revisal, sec. 1635; and construing this section with section 1636, it is held that by allowing, under the latter section, the wife to prove such fact under indictments for bigamy, and in actions or proceedings for divorce on account of adultery, it was not the legislative intent that such testimony be excluded upon trial for abandonment, and that these two sections are not in conflict with each other.

INDICTMENT tried before *Ferguson, J.,* and a jury, at August Term, 1916, of CALDWELL. Defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*Wakefield & Williams for defendant.*

WALKER, J. The indictment was for abandonment of defendant's wife by him. The State introduced as a witness for the prosecution Mrs. Will Chester, the wife of the defendant, who testified, among other things, that she was the wife of Will Chester, and that she and the defendant were married about fourteen or fifteen years ago. To this evidence the defendant objected. Objection overruled. Defendant excepted.

The other exceptions are formal, and need no attention. Counsel for defendant contended that the wife was not competent to prove the fact of marriage, and relied on *S. v. Brown,* 67 N. C., 470, which held that by Public Laws of 1868, ch. 209, sec. 4, the wife was made a competent witness to prove the abandonment and neglect to provide for her an adequate support, but not to prove the fact of marriage. The statute in question provided only that she might testify to the two facts, of abandonment and failure to support, and from this provision, which expressly restricted her testimony to the proof of those facts, an implication was raised by the Court that her competency for any other purpose, forbidden by the common law, was excluded (*Expressio unius est exclusio alterius*). The Court added: "No departure from the rules of evidence, which have been accepted by the courts, as sanctioned by the wisdom of the ages, can be allowed, unless it be so expressly enacted." (*Pearson, C. J.*) The Legislature afterwards changed the phraseology of the law so as to provide as follows: "In all criminal

prosecutions of a husband for assault and battery upon the person of his wife, or for abandoning his wife, or for neglecting to provide for her support, it shall be lawful to examine the wife in behalf of the State against the said husband." Code, sec. 1354; Revisal, sec. 1635. This change in the form of expression was doubtless made to meet the decision in the *Brown case,* but whether so or not, the language is broad enough to fully warrant the construction that it was intended to make the wife competent generally as a witness in such prosecutions, that is, to prove any and all material facts. It will be noted that she is made competent in indictments for bigamy to prove the fact of marriage, and also, in any action or proceeding for divorce on account of adultery, to prove the same fact. Revisal, sec. 1636. It would be singular that she should be competent as a witness to prove the fact of marriage in an indictment for bigamy and a proceeding for divorce based upon adultery, and not in indictments for abandonment. There would be no good reason for excluding her in the last case that would not apply with equal if not greater force to the other two. Sections 1635 and 1636 are not inconsistent when construed together in view of the evident and leading purpose to make the wife competent to prove the fact of marriage in the three cases of abandonment, bigamy, and divorce for adultery, although in codifying the statutes some little confusion may arise by the generality of the language of section 1636. It surely was not intended to confine the wife's competency to prove that fact to bigamy and divorce and repeal what had been provided in section 1635. There is no such contention as this by defendant, but we thought it advisable to mention the apparent discrepancy, as it might be thought that we had overlooked it, or that it had escaped our attention.

There was no error in the ruling of the court.

No error.